IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ASSOCIATION FOR EDUCATION FAIRNESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 8:20-CV-2540 |
| ) | |
| MONTGOMERY COUNTY BOARD OF ) | |
| EDUCATION, *et al.* ) | |
| ) | |
| Defendants. ) | |

**PROPOSED AMICI'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

Pursuant to Local Rule 105.12, the Montgomery County Branch of the NAACP ("MoCo NAACP"), Montgomery County Progressive Asian American Network ("MoCoPAAN"), Asian American Youth Leadership Empowerment and Development ("AALEAD"), Identity, Inc. ("Identity"), and CASA, Inc. ("CASA") (collectively, "Amici") respectfully seek leave to file the accompanying brief as amici curiae in support of Defendants' Response in Opposition to Plaintiff's Motion for Relief from Judgment.[1] Amici have consulted with counsel for Plaintiff and Defendants and can represent that the parties consent to the filing of a brief by Amici.

Amici are the organizations that previously sought to intervene in this action. As set forth in Amici's Motion to Intervene,[2] Amici are a multi-racial coalition of five organizations that serve thousands of Asian American, Black, and Latino students and families across Montgomery County. Amici are dedicated to advancing equal access to educational opportunities and include deep-rooted organizations that have advocated for such opportunities in Montgomery County for decades. A description of each organization can be found in ECF No. 69 and supporting papers

---

[1] No party's counsel authored any part or contributed money to the filing of this amicus brief.
[2] Amici incorporate by reference their Motion to Intervene, ECF No. 69.

and is not repeated herein.

"The aid of *amici curiae* has been allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance[.]" *Bryant v. Better Bus. Bureau*, 923 F. Supp. 720, 728 (D. Md. 1996) (citations omitted). Indeed, this Court has already afforded amici the opportunity to participate in the briefing of Defendants' Motion to Dismiss. *See* ECF No. 84 at 1 ("[T]he Court will permit Proposed Intervenors to participate as *amici*; they will be permitted to file an opening pleading in support of dismissing the Amended Complaint, as well as a reply pleading consistent with the operative schedule order."). The Court specifically noted that Plaintiff "does not dispute that Proposed Intervenors 'have an interest in the subject matter of this case that would be adversely affected' if the Court rules in AFEF's favor and accordingly argues that their participation as *amici* would be entirely appropriate." *Id.* (citing ECF No. 82, at 5, 13).

In its participation in the briefing of the Motion to Dismiss, Amici respectfully submit that they provided useful analysis of the law in this case. In its Opinion granting Defendants' Motion to Dismiss, this Court noted, "[a]lthough the parties are silent on the question of disparate impact, *Amici* persuasively argue that this Court should revisit the issue with 'the benefit of adversarial briefing.'" ECF No. 99 at 13 (citing ECF No. 88 at 10 & ECF Nos. 21-1; 22; 24; 34). The Court determined that Amici's "arguments merit[ed] careful discussion[,]" and thereafter assessed whether Plaintiff, in fact, plausibly alleged a disparate impact. *Id.* The Court decided that "the Amended Complaint does not aver plausibly that the Pandemic Plan disparately impacts Asian American students[.]" *Id.* at 15-16.

Amici submit that they provided helpful analysis to the Court when it dismissed the case, and they request the opportunity to do so here too. Amici are prepared to provide the Court with

analysis regarding why Plaintiff's purported new evidence does not change the Court's reasoning in its Opinion dismissing the case. Further, Amici are uniquely positioned to provide the Court with context about how Plaintiff seeks to entrench a prior status quo that denied equal opportunity to students of all races.

Accordingly, for the foregoing reasons, Amici respectfully request leave of the Court to file the attached amicus brief in the above-captioned matter.

Date:  October 17, 2022                                Respectfully submitted,

*/s/ Maraya N. Pratt*
Maraya N. Pratt (Fed. Bar No. 20990)
**BALLARD SPAHR LLP**
111 S. Calvert St., 27th Fl.
Baltimore, MD 21202
Phone: (410) 528-5600
Facsimile: (410) 528-5650
prattmn@ballardspahr.com

Niyati Shah
Eri Andriola
**ASIAN AMERICANS ADVANCING JUSTICE-AAJC**
1620 L Street NW
Suite 1050
Washington, DC 20036
Phone: (202) 296-2300
Facsimile: (202) 296-2318
NShah@advancingjustice-aajc.org
EAndriola@advancingjustice-aajc.org

*Pro Hac Vice Admittee*

Francisca D. Fajana
**LATINOJUSTICE PRLDEF**
475 Riverside Drive, Suite 1901
New York, NY 10115
Phone: (212) 319-3360
FFajana@latinojustice.org

*Pro Hac Vice Admittee*


*Attorneys for Amici*

Leslie E. John
Elizabeth V. Wingfield
Kayla R. Martin
**BALLARD SPAHR LLP**
1735 Market Street
Philadelphia, PA 19103
Phone: (215) 665-8500
Facsimile: (215) 864-8999
johnl@ballardspahr.com
wingfielde@ballardspahr.com
martinkr@ballardspahr.com

*Pro Hac Vice Admittee*

Jin Hee Lee
Michaele N. Turnage Young
Michael Skocpol
**NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.**
700 14th Street NW, Suite 600
Washington, DC 20005
Phone: (202) 682-1300
jlee@naacpldf.org
mturnageyoung@naacpldf.org
mskocpol@naacpldf.org

*Pro Hac Vice Admittee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing motion was filed on October 17, 2022 via the Court's electronic filing system and is available to all counsel of record for viewing and downloading.

Date: October 17, 2022    /s/ *Maraya N. Pratt*
Maraya N. Pratt (Fed. Bar No. 20990)
**BALLARD SPAHR LLP**
111 S. Calvert Street, 27th Floor
Baltimore, MD 21202
Phone: (410) 528-5600
Facsimile: (410) 528-5650
prattmn@ballardspahr.com