IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| ASSOCIATION FOR EDUCATION FAIRNESS, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. 8:20-cv-02540-PX |
| MONTGOMERY COUNTY BOARD OF EDUCATION, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*\*\*

<u>**MEMORANDUM OPINION**</u>

Pending before the Court is Plaintiff Association for Education Fairness' ("AFEF")

Motion for Relief from Judgment.  ECF No. 102.  The motion is fully briefed and no hearing is

necessary.  *See* D. Md. Loc. R. 105.6.  The Court DENIES the motion for the following reasons.

**I.       Background**

The Court has previously discussed the relevant factual background in two prior

decisions and incorporates that discussion here.  ECF Nos. 35 & 99.  To summarize for context,

this case concerns the constitutionality of the admissions process for middle school magnet

programs offered by Montgomery County Public Schools ("MCPS").  MCPS devised the current

process—appropriately called the "Pandemic Plan"—in response to onset of the COVID-19

virus.  *See* ECF Nos. 27-3 ¶ 27.  The Pandemic Plan involves a lottery system for selecting

eligible fifth graders to participate in MCPS' middle school magnet program.  *Id.* ¶¶ 32 – 34.  To

be placed in a pool of eligible students, a candidate must have received an "A" in certain

subjects, performed above a fourth-grade level in reading or math, and scored in the 85th

percentile on the relevant Measures for Academic Progress ("MAP") test, as adjusted for local

norms.  ECF No. 51 ¶¶ 86 – 87.  MCPS next implements a lottery system to select randomly

from among the pool of eligibles.  MCPS used the Pandemic Plan for admissions during the

2021 – 2022 school year, and intends to continue using it into the foreseeable future.  ECF No.

51 ¶¶ 84, 86; ECF Nos. 41 & 41-1.

AFEF has alleged that the Pandemic Plan intentionally discriminates against Asian

American students in violation of the Equal Protection Clause of the Fourteenth Amendment.

*See generally* ECF No. 51.  This Court previously dismissed the claim on sufficiency grounds

because AFEF failed to make plausible that the Pandemic Plan disparately impacts Asian

American students or that MCPS implemented the Plan with discriminatory intent.  ECF No. 99.

AFEF now seeks relief from that judgment pursuant to Federal Rule of Civil Procedure 60(b).

ECF No. 102.

## II.    Analysis

To receive Rule 60(b) relief, the requesting party "must make a threshold showing of

timeliness, a meritorious claim or defense, and a lack of unfair prejudice to the opposing

party."  *Bank v. M/V "Mothership", et al.*, 427 F. Supp. 3d 655, 660 (D. Md. 2019) (citing

*Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)).  "After a party has crossed this initial

threshold, he then must satisfy one of the six specific sections of Rule 60(b)."[1]  *Id.* (quoting

---

[1] Federal Rule of Civil Procedure 60(b) explains that each of the following circumstances may constitute grounds for relief from a final judgment:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) **newly discovered evidence** that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (emphasis added).

*Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)).  Importantly, "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982); *M/V "Mothership", et al.*, 427 F. Supp. 3d at 660.

AFEF moves for Rule 60(b) relief solely on the grounds that it has discovered "new evidence."  In this situation, the movant must establish that "(1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movement to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended." *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989).

AFEF fronts two documents as new evidence for the Court's consideration.  ECF No. 102 at 6 – 7.[2]  The first is an undated table that purports to group MCPS elementary schools based on the "socioeconomic" status of students, as measured by the students' participation in the Free and Reduced Meal ("FARMS") program.  ECF Nos. 102 at 6 – 7 & 102-2 at 2 – 5.  The second is a chart that provides the raw and nationally-normed percentile MAP scores "that correspond to the locally normed MAP threshold used for lottery placement for each" socioeconomic group.  ECF No. 102-3 at 2.  AFEF argues that that these documents upset the Court's dismissal analysis by making plausible that the Pandemic Plan intentionally visits a disparate impact on Asian American students.  This is so, says AFEF, because the new evidence shows that "Asian American students disproportionately must obtain substantially higher MAP scores than students of other races to be eligible for the lottery."  ECF No. 102 at 9.

---

[2] AFEF member Eric Zhang discovered the documents on Facebook in August 2022.  ECF No. 102-1 ¶ 7.

No such inferences can be drawn from this newly discovered evidence, even when viewing it in the light most favorable to AFEF.  First, the new evidence does not move the needle in terms of disparate impact.  AFEF argues that local norming disadvantages Asian American students because they "are highly clustered in low-FARMS schools," where the MAP score threshold is higher.  ECF No. 102 at 7 n.2.  But as *amici* correctly note, alleged disparity in treatment based on socioeconomic status alone does not make plausible discrimination on account of race.  *Cf. Christa McAuliffe Intermediate Sch. PTO, Inc. v. DeBlasio, et al.*, No. 18 Civ. 11657 (ER), 2022 WL 4095906, at *8 – 9 (S.D.N.Y. Sept. 7, 2022).  Because the new evidence focuses exclusively on the interplay between FARMS participation and threshold MAP scores for admission, it does not advance the theory that the Pandemic Plan visits a disparate burden on Asian American students.

As to discriminatory intent, the new evidence also falls short.  As discussed in the Court's prior decision, AFEF had not made plausible that MCPS implemented the Pandemic Plan with discriminatory animus aimed at Asian American students.  ECF No. 99 at 19 – 21.  The new evidence, at best, reflects that the Pandemic Plan's local norming criteria aim to account for socioeconomic disparities across different schools—a wholly permissible consideration.  *See* Md. Code Ann., Educ. § 8-201(a)(1) (defining "gifted and talented student[s]" as those with the potential for "remarkably high levels of accomplishment when compared with other students of a similar age, experience, or environment.").  This evidence does not make plausible that MCPS used local norming as a cover for intentional racial discrimination.

In sum, having reviewed the newly discovered evidence most favorably to AFEF, the Court concludes it is marginally material at best.  But more to the point, when considered with the entire record, it would not produce a new outcome or require that the judgment be amended.

*Boryan*, 884 F.2d at 771.  The motion is thus denied.

**III.     Conclusion**

AFEF's request for relief from judgment fails because the new evidence is neither material nor outcome-determinative.  Thus, the Motion for Other Relief (ECF No. 102) is DENIED.  A separate Order follows.


December 16, 2022                                              /s/
Date                                                     Paula Xinis
                                                         United States District Judge

5