**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1068

ASSOCIATION FOR EDUCATION FAIRNESS,

        Plaintiff – Appellant,

  v.

MONTGOMERY COUNTY BOARD OF EDUCATION; DR. MONIFA B. MCKNIGHT,

        Defendants – Appellees,

  and

CASA, INC.; MONTGOMERY COUNTY BRANCH OF THE NAACP; ASIAN AMERICAN YOUTH LEADERSHIP EMPOWERMENT AND DEVELOPMENT; MONTGOMERY COUNTY PROGRESSIVE ASIAN AMERICAN NETWORK

        Proposed Intervenors.

On Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge. (8:20-cv-02540-PX)

Argued: September 20, 2023                                         Decided: December 8, 2023

Before RICHARDSON and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Motion denied without prejudice by published opinion. Judge Heytens wrote the opinion, in which Judge Richardson and Judge Floyd joined.

**ARGUED:** Michael Skocpol, NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INCORPORATED, Washington, D.C., for Intervenors. Christopher M. Kieser, PACIFIC LEGAL FOUNDATION, Sacramento, California, for Appellant. Nathaniel A.G. Zelinsky, HOGAN LOVELLS US LLP, Washington, D.C., for Appellees. **ON BRIEF:** Joshua P. Thompson, Erin E. Wilcox, Sacramento, California, Glenn E. Roper, PACIFIC LEGAL FOUNDATION, Highlands Ranch, Colorado, for Appellant. Jo-Ann Tamila Sagar, Washington, D.C., Steven F. Barley, HOGAN LOVELLS US LLP, Baltimore, Maryland, for Appellees. Leslie E. John, Elizabeth V. Wingfield, Kayla R. Martin, Philadelphia, Pennsylvania, Maraya N. Pratt, BALLARD SPAHR LLP, Baltimore, Maryland; Niyati Shah, Shalaka Phadnis, ASIAN AMERICANS ADVANCING JUSTICE-AAJC, Washington, D.C.; Michaele N. Turnage Young, Jin Hee Lee, Washington, D.C., Allison Scharfstein, NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC., New York, New York; Francisca D. Fajana, LATINOJUSTICE PRLDEF, New York, New York, for Intervenors.

2

TOBY HEYTENS, Circuit Judge:

A coalition of civil rights organizations asks to intervene in an appeal from a district court judgment granting full relief to the side the organizations seek to join. We deny the motion without prejudice.

I.

This litigation stems from a school district's decision to change its process for selecting students for four magnet schools. In 2020, plaintiff Association for Education Fairness sued the Montgomery County Board of Education and its superintendent (collectively, the Board), claiming the Board's then-new admissions policy unconstitutionally discriminated against Asian American students. The Board filed two motions to dismiss, which defended the policy on the merits and argued the case was moot because the Board had changed its admissions process again since the Association filed suit. The district court denied those motions, and the Association filed an amended complaint.

Soon after, "a multi-racial coalition of five organizations that serve thousands of Asian American, Black, and Latino students and families across Montgomery County" moved to intervene as defendants. Mot. to Intervene 3, D. Ct. ECF 69. Viewing "the crux of" the dispute over intervention as involving "the propriety of intervention if the case proceed[ed] to *discovery*," the district court "defer[red] resolution of" the organizations' motion "until after it decide[d] whether" to grant the Board's forthcoming motion to dismiss the amended complaint. Letter Order 1, D. Ct. ECF 84. In the meantime, the court said the organizations could "participate as *amici*" by filing "an opening pleading in

3

support of dismissing the Amended Complaint, as well as a reply pleading" on the same schedule as the Board. *Id.* at 1–2.

The Board filed a third motion to dismiss, and the organizations filed a brief in support of that motion. The Board argued the challenged policy was subject to (and passed) rational basis review because the policy was race neutral and the amended complaint did not plausibly allege it was enacted with a discriminatory purpose. The organizations' brief echoed those arguments, but also offered another: that rational basis review applied because the amended complaint did not plausibly allege the policy had a disparate impact on Asian American students.

The district court granted the motion to dismiss on two alternative grounds. The court agreed with the Board that the complaint contained "no facts [that] give rise to the inference that the" challenged policy was motivated by discriminatory intent. See *Association for Educ. Fairness v. Montgomery Cnty. Bd. of Educ.*, 617 F. Supp. 3d 358, 368 (D. Md. 2022). The court also accepted the argument—raised only by the organizations as *amici*—that the amended complaint likewise failed as a matter of law because it did "not aver plausibly that the" challenged policy "disparately impacts Asian American students." *Id.* Having dismissed the Association's complaint, the district court denied the organizations' motion to intervene "as moot." *Id.* at 373.

After unsuccessfully moving to alter or amend the judgment under Federal Rule of Civil Procedure 60(b), the Association filed a notice of appeal. All but one of the organizations have sought leave to intervene in that appeal.

4

II.

"No statute or rule provides a general standard to apply in deciding whether intervention on appeal should be allowed." *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1010 (2022); see 4th Cir. R. 12(e) (referencing intervention motions but providing no standard for granting them). Although the Federal Rules of Civil Procedure contain detailed provisions governing intervention in civil cases in federal district court, see Fed. R. Civ. P. 24, those rules do not apply in this Court, see Fed. R. Civ. P. 1; *Automobile Workers v. Scofield*, 382 U.S. 205, 217 n.10 (1965). Nor have the parties brought to our attention any statute or rule governing intervention under these circumstances. Cf. *Automobile Workers*, 382 U.S. at 216 n.9 (citing statute addressing intervention in certain agency appeals). For that reason, resolution of the organizations' motion is committed to our discretion. Accord *Cameron*, 142 S. Ct. at 1011 (describing a motion to intervene on appeal as "committed to the discretion of the court before which intervention is sought").

That does not mean we lack all guidance. In considering motions to intervene on appeal, the Supreme Court has told us to consult "the policies underlying intervention in the district courts." *Cameron*, 142 S. Ct. at 1010 (quotation marks omitted). We thus consider a non-exhaustive list of factors—the timeliness of the organizations' request, the interests the organizations seek to represent, the extent to which the existing parties adequately represent those interests, and the effect on the organizations and the current parties of granting or denying intervention. See *id.* at 1010–14.

5

To begin, we reject any suggestion the organizations' efforts to intervene are untimely or represent an impermissible end-run around a deferential standard of review. Neither the Association nor the Board suggests there has been undue delay in connection with the appeal itself. Instead, the existing parties suggest the organizations should have sought review of the district court's treatment of their intervention request sooner or in a different way, and that the organizations' failure to do so renders the current motion improper.

We take all involved to agree on two points. First, those seeking to force their way into lawsuits between others generally must do so while the case is pending before a trial court rather than waiting to do so on appeal. See, *e.g.*, *Associated Builders & Contractors, Inc. v. Herman*, 166 F.3d 1248, 1257 (D.C. Cir. 1999); accord Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1916 (3d ed. 2023) ("There is considerable reluctance . . . to allow intervention after the action has gone to judgment . . . [and] even more reason to deny an application to intervene made while an appeal is pending."). Second, because a district court's decision denying intervention is reviewed only for an abuse of discretion, see *Cawthorn v. Amalfi*, 35 F.4th 245, 253 (4th Cir. 2022), appellate courts must police against attempts to evade that deferential standard by declining to seek review of an adverse district court decision and then filing a fresh motion to intervene on appeal. See, *e.g.*, *Richardson v. Flores*, 979 F.3d 1102, 1105 (5th Cir. 2020); *Hutchinson v. Pfeil*, 211 F.3d 515, 519 (10th Cir. 2000).

Neither guardrail is triggered here. The organizations sought intervention in the district court, and they did not forgo any meaningful opportunity to obtain review of an adverse district court ruling.

True, a decision denying intervention is "a final judgment that is appealable," *Bridges v. Department of Md. State Police*, 441 F.3d 197, 207 (4th Cir. 2006), and the organizations never appealed. But the district court's first order addressing intervention did not deny the organizations' motion. Instead, the court deferred resolution of the intervention question pending its ruling on the Board's upcoming motion to dismiss the amended complaint. That decision not to decide was "patently non-final," *In re Wallace & Gale Co.*, 72 F.3d 21, 24 (4th Cir. 1995), and the organizations had no way to appeal it.

Nor did the organizations have any reason to appeal the district court's ultimate denial of their intervention motion. That decision was, in principle, an appealable order. See *Bridges*, 441 F.3d at 207. But it is at least uncertain whether there was anything for the organizations to appeal at that point. The district court did not deny the organizations' intervention motion because it was unwarranted under Federal Rule of Civil Procedure 24. Instead, the court recognized the intervention question had been rendered academic by its decision to enter a final judgment for the parties on whose side the organizations sought to intervene. And because the organizations were in no way "aggrieved" by the district court's decision to dismiss the Association's lawsuit, they had no reason to seek appellate review at that point. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980); accord Wright & Miller, 15A Fed. Prac. & Proc. Juris. § 3902 (describing the general rule that no appeal may be taken from a final judgment unless the appealing party "can show an adverse effect

7

of the judgment"). Whether the organizations should be granted party status did not arise again until the Association launched a new proceeding by appealing the district court's judgment. We thus reject the argument that the organizations delayed unduly in seeking to bring the intervention issue before this Court.

We turn to the other factors. No one denies the weight of the legal interests the organizations seek to protect. See *Allen v. Wright*, 468 U.S. 737, 756 (1984) (describing a child's "diminished ability to receive an education in a racially integrated school" as "not only judicially cognizable but . . . one of the most serious injuries recognized in our legal system"). For that reason, our resolution of this motion comes down to this: a prediction about whether the existing parties will adequately protect the organizations' interests and an assessment of the prejudice to those parties and the organizations from granting or denying intervention. The question is a close one, and our decision rests heavily on the specific factual situation before us. That said, we deny the organizations' motion without prejudice.

The sole question on the merits in this appeal is whether to affirm or reverse the district court's decision granting the Board's motion to dismiss for failure to state a claim. In this procedural posture, there are no facts in the record nor any chance to add facts—much less disagree about which facts to add. Cf. *Grutter v. Bollinger*, 188 F.3d 394, 401 (6th Cir. 1999) (holding district court erred in denying intervention where proposed intervenors raised questions about what evidence the existing defendants were likely to present). In addition, because the side on which the organizations seek to intervene won a complete victory in the district court, there is no prospect of disagreement about what

8

bottom-line result to seek on appeal. Cf. *Feller v. Brock*, 802 F.2d 722, 730 (4th Cir. 1986) (reversing district court's refusal to permit intervention as of right when party whose side intervenors sought to join planned to argue against the intervenors' position on a contested issue). Both the organizations and the Board seek the same thing from this Court: a decision ending in the word "affirmed." Cf. *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976) (stating that, even where a proposed intervenor's "burden of showing an inadequacy of representation is minimal," the case for intervention is far weaker where the proposed intervenor "seeks no relief other than that which [an existing party] seeks for itself").

Of course, there are often multiple roads to a destination, and the organizations' strongest argument is that—absent intervention—the Board's litigating choices could place obstacles along one of those paths. Consider how someone seeking affirmance might argue this case. It is common ground that the path is far rockier if the challenged admissions policy is subject to strict scrutiny. Because the policy is facially race neutral, there are at least two arguments that could be made to avoid that exacting standard: lack of discriminatory intent and lack of disparate impact. See, *e.g.*, *Coalition for TJ v. Fairfax Cnty. Sch. Bd.*, 68 F.4th 864, 879, 882 (4th Cir. 2023). When briefing its motions to dismiss, however, the Board relied solely on lack of discriminatory intent and refrained from making a disparate impact argument. Despite that, the district court decided the Board won for both reasons and relied on the organizations' framing of the second. The organizations say what happened before is the best predictor of what may happen again, and that here the Board's past actions—and its interest in not casting doubt on its own past

9

conduct or limiting its future flexibility—suggest the Board cannot be trusted to defend the district court's disparate impact holding on appeal.

Without any other developments, making a prediction about whether the Board is likely to adequately protect the organizations' interests in this appeal could have required us to delve deep into the case's procedural history, as well as principles of appellate review and procedure. For example, we may have needed to assess: (1) why the Board made no disparate impact argument in its motion to dismiss the amended complaint; (2) how the Board framed its response to the Association's motion to alter or amend the district court's judgment; (3) whether and to what extent external considerations might be expected to limit the Board's vigor in pressing all available arguments; (4) what consequences would follow if the Board failed to defend the district court's disparate impact holding on appeal; or (5) whether the Board's status as a government entity requires the organizations to make a heightened showing of inadequacy to intervene on appeal, cf. *Stuart v. Huff*, 706 F.3d 345, 351 (4th Cir. 2013) (requiring such a showing in district court).

But we need not answer those questions today. See *PDK Lab'ys Inc. v. Drug Enf't Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in judgment) ("[I]f it is not necessary to decide more, it is necessary not to decide more."). The Board has now unambiguously represented to this Court—in briefing and at oral argument—that it intends to defend the district court's disparate impact holding on appeal. We take the Board at its word and emphasize that our decision to deny the current motion is based on that representation.

Once the Board, as appellee, presents a disparate impact argument in its brief, the district court's conclusion on that point will be before us and no questions of forfeiture will arise. Cf. *Alvarez v. Lynch*, 828 F.3d 288, 295 (4th Cir. 2016) (stating an appellee's "outright failure to join in the adversarial process would ordinarily result in" forfeiture of any arguments not made). And even if the Board does not present the disparate impact argument with the vigor or in the same way the organizations would, appellate courts are "not hidebound by the precise arguments of counsel." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1581 (2020).

Given that, it is hard to see what would change materially if we granted the current motion. If permitted to intervene in this Court, the organizations would be entitled to do two things: seek leave to file a separate brief and attempt to participate in oral argument. See 4th Cir. R. 12(e) ("Intervenors are required to join in the brief for the side which they support unless leave to file a separate brief is granted by the Court."). But the organizations may do the same as amici, just as they did in the district court. See Fed. R. App. P. 29(a)(2) & (8); see *McHenry v. Commissioner*, 677 F.3d 214, 227 (4th Cir. 2012) ("Numerous cases support the proposition that allowing a proposed intervenor to file an amicus brief is an adequate alternative to permissive intervention."); Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1913 (3d ed. 2023) (discussing "common practice [of] allow[ing] the applicant to file a brief amicus curiae").

When asked what harm they will suffer absent intervention if the Board fulfills its promise to make a disparate impact argument, the organizations responded that being granted intervention before this Court would ensure they also are parties for any future

11

proceedings before the Supreme Court. See Oral Arg. 12:44–13:40; see also Sup. Ct. R. 12(6) (stating that, subject to an exception not applicable here, "[a]ll parties to the proceedings in the court whose judgment is sought to be reviewed are deemed parties entitled to file documents in this Court"). But, here too, the Board represents it would continue to defend the district court's decision on both grounds in any further proceedings. See Oral Arg. 22:52–23:20. Because of that, we need not decide whether—and if so, when—the ability to participate in future proceedings bears on appellate intervention questions. See, *e.g.*, Fed. R. Civ. P. 24 (outlining standards for intervention in civil cases without mentioning anything about the ability to participate in later appeals); *Sutphen Ests. v. United States*, 342 U.S. 19, 23 (1951) (finding no abuse of discretion in denying permissive intervention where "the claim of injury to [the movant] is too speculative and too contingent on unknown factors"); *Day v. Apoliona*, 505 F.3d 963, 965–66 (9th Cir. 2007) (granting intervention on appeal where "none of the current parties will file a petition for rehearing or for rehearing en banc").

\*   \*   \*

The motion to intervene on appeal is denied without prejudice. The Clerk is directed to reinstate the briefing schedule.

*SO ORDERED*